JOHN H. HAMILTON, plaintiff in error, *vs.* THE MAYOR AND COUNCIL OF THE CITY OF COLUMBUS, defendant in error.

Where a declaration alleged that the defendant, a municipal corporation, cut a ditch along, and close to, the east line of his residence lot, and left it in such condition that the water coming, or falling, into the same could not run off in any direction; that thereby water accumulated and became stagnant in said ditch, thus generating malaria, causing sickness in the family of the plaintiff, and by the unwholesome stench produced in the atmosphere, rendering his premises unfit for occupation, to his damage $1,000 00:

*Held*, that a *prima facie* case of special damage from the nuisance was presented, and it was error to sustain a demurrer thereto.

Nuisance. Municipal corporations. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1874.

For the facts of this case, see the decision.

INGRAM & CRAWFORD, for plaintiff in error.

C. H. WILLIAMS; PEABODY & BRANNON, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for an alleged injury done to him and his family by the digging of a ditch near his lot and residence, and thereby causing stagnant water to accumulate and remain therein, by reason whereof he and his family have been made sick and otherwise injured and damaged. At the trial, the defendant demurred to the plaintiff's declaration, on the ground that it was insufficient in law to entitle the plaintiff to recover. The court sustained the demurrer and dismissed the plaintiff's action; whereupon the plaintiff excepted.

The plaintiff alleged in his declaration that he was the owner of a city lot in the city of Columbus, in said county, known as lot number five hundred and forty-one, containing

one-half acre, and that he had been in possession of the same for more than ten years, and had during all that time occupied the dwelling-house on said lot as a residence for himself and family and servants; that about the year 1860 he bought and took possession of said lot; that at that time said lot was dry and healthy and free from all standing and stagnant water; that all the water that fell or came upon said lot quickly and freely passed off, and up to the 1st of January, 1870, said lot continued to be healthy, and himself and family and servants were healthy and free from all malarial diseases, and said lot, and the ground immediately adjacent thereto, continued to be free from standing and stagnant water till about the day and year last aforesaid; that when he bought and took possession of said lot, he had a right to expect, and did expect, that the same would be allowed to remain in the same healthful condition, together with the ground in the immediate vicinity of the same, as well as the streets of the city running through and in the immediate vicinity of the same; that the defendant, well knowing the premises, but intending unlawfully and unjustly to injure your petitioner and to deprive him of the enjoyment of said property as he had been accustomed to do, did, on the 1st day of January, 1870, and on divers other days and times between the day aforesaid and the commencement of said action, cut, dig and make a deep and broad ditch, to-wit: six feet broad and four feet deep, all along the east line of said lot, and close to said line, and did dig and cut and extend said ditch in both directions from said lot, and across the public street in the immediate vicinity of said lot, and did leave said ditch, so dug and cut, in such condition that the water coming or falling into the same could not run off in any direction, but all the time aforesaid, and up to the present time, said water has accumulated, stood and stagnated in said ditch; and in consequence of said standing water in said ditch, there has been, all the time aforesaid on the premises aforesaid, such a sickly and unwholesome stench in the atmosphere that said premises have been unfit to be occupied and enjoyed by plaintiff, and by reason of said stagnant water

in said ditch, malarial diseases have been generated on said premises; that the same has caused and produced chills and fevers, and bilious fevers, and congestive chills, and other diseases; that during all the time aforesaid, the plaintiff and his family have resided on said lot, and that his family have consisted of himself, his wife and his servants, and other persons dependent upon him; that during the time aforesaid, the plaintiff and his wife and his family and servants, have been sick with the diseases aforesaid, and caused by the acts of the defendant, as aforesaid, in digging said ditch, and in consequence of said sickness, plaintiff has lost and been deprived of his own labor and attention to his business to the value of $1,000 00, and of the labor and services of his wife and family and servants, of the value of $500 00; and in consequence of said sickness, has necessarily paid out to physicians and nurses, for services in attending to and curing said sick persons, the sum of $500 00; and plaintiff avers that said defendant, from the day and year aforesaid up to the commencement of this action, hath continued and allowed said ditch to remain and continue open as aforesaid, and filled with the stagnant water as aforesaid, and that during the time aforesaid, plaintiff has repeatedly notified and entreated defendant to fill up said ditch, which it has always refused to do, to the damage of plaintiff $2,000 00.

In our judgment the court erred in sustaining the demurrer to the plaintiff's declaration, in view of the allegations contained therein. It was urged, on the argument, that the nuisance complained of by the plaintiff was a public nuisance, and therefore no action could be maintained by him therefor. If a public nuisance causes *special* damage to an individual in which the public do not participate, such special damage gives a right of action: Code, section 2998. The plaintiff alleges that the defendant cut the ditch all along the east line of his lot, and close to said line, and left it in such condition that the water coming or falling into the same could not run off in any direction, and that water has accumulated in said ditch, stood and stagnated there, and in consequence

thereof, there has been all the time, on the premises of plaintiff, such a sickly and unwholesome stench in the atmosphere that *his premises* have been unfit to be occupied or enjoyed by him, and that malarial diseases have been generated on *his premises* by said ditch; that the same has produced chills and fevers, and bilious fevers, and congestive chills; that the plaintiff and his family reside on his said lot, and they have been sick with the aforesaid diseases, caused by defendant's digging said ditch, and in consequence of said sickness of himself and family, has been damaged $2,000 00, etc. The declaration makes a *prima facie* case, at least, of *special* damage done to the plaintiff and his family residing on his lot, close by the line of which the ditch was cut and maintained by defendant.

Let the judgment of the court below be reversed.